12-708
Barry v. Holder

BIA
Vomacka, IJ
A089 266 877

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT:
           JON O. NEWMAN,
           PIERRE N. LEVAL,
           JOSÉ A. CABRANES,
                *Circuit Judges*.
_____

MOUSSA BARRY,
           *Petitioner*,

           v.                                    12-708
                                                 NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
           *Respondent*.
_____

FOR PETITIONER:        Bibiana C. Andrade, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Paul
                       Fiorino, Senior Litigation Counsel;
                       Judith R. O'Sullivan, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Moussa Barry, a native and citizen of Burkina Faso, seeks review of a January 26, 2012, decision of the BIA affirming the July 29, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Moussa Barry,* No. A089 266 877 (B.I.A. Jan. 26, 2012), *aff'g* No. A089 266 877 (Immig. Ct. N.Y. City July 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Barry's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

2

totality of the circumstances, base a credibility determination on "the consistency of [the applicant's] statements with other evidence of record [], without regard to whether an inconsistency, inaccuracy, or falsehood goes the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency found that Barry was incredible, in part, because his testimony about the number of attackers in an alleged incident differed from his asylum application. Barry does not dispute the inconsistency, but contends that "his responses" were affected by interpretation problems during the hearing, including the IJ's inappropriate interjection of his personal knowledge of the French language.  However, because the government correctly asserts that Barry failed to exhaust these arguments before the agency, we do not consider them.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118-20 (2d Cir. 2007).

Barry also contends that the agency erred by ignoring some of his corroboration and failing to inquire about missing evidence.  However, the agency permissibly required additional rehabilitative corroboration, without enumerating

3

each piece of evidence, because it had reasonably called his testimony into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006).

Accordingly, we defer to the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Barry's life or freedom depended on his credibility, the adverse credibility determination in this case is dispositive of his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Finally, Barry contends that remand is required because of the ineffective assistance of his attorney before the agency. This argument is also unexhausted. *Ling Zhong*, 480 F.3d at 119. If his prior attorney was ineffective in his representation of Barry before the IJ, a proposition for which we express no opinion, Barry's remedy is to move the BIA for reopening based on a claim of ineffective assistance of counsel. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk